UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNICK, SR, <br><br> Plaintiff, <br><br> v. <br><br> KAIDAN HOSPITALITY LP d/b/a/ RED LION HOTEL REDDING, <br><br> Defendant. | No. 2:19-cv-02044-TLN-CKD PS <br><br><br> ORDER |

On October 11, 2019, plaintiff filed a complaint alleging violations of (1) the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (2) the California Unruh Civil Rights Act, (3) the California Disabled Persons Act, and (4) common law negligence per se. On November 12, 2019, defendant filed an answer and affirmative defenses. (ECF No. 4.) On March 3, 2020, plaintiff submitted a status report claiming that he was unable to contact defendant to confer regarding a joint report. (ECF No. 10.)

In the interest of avoiding the accumulation of fees and costs through potentially unnecessary discovery and motion practice, and to allow the parties some additional time to pursue an early informal resolution of this matter with the assistance of a third party neutral, the court finds it appropriate to stay this action and refer it to the Voluntary Dispute Resolution Program ("VDRP").

Accordingly, IT IS HEREBY ORDERED that:

1. This action is STAYED except as set forth herein, and all previously set deadlines and hearings are VACATED pending further order of the court.

2. The parties are directed to meet and confer promptly to discuss settlement of this action. Settlement discussions require focus and preparation and should involve the attorneys who will try the case and the person or persons having full authority to negotiate and settle the case on any terms. Plaintiff should initiate settlement discussions by providing a written itemization of damages and a meaningful settlement demand that includes an explanation of why the demand is appropriate. Defendant should respond with an acceptance of the offer or with a meaningful counteroffer that includes an explanation of why the counteroffer is reasonable. The parties should continue discussions in this manner until they reach a settlement or have exhausted informal settlement efforts.

3. If the parties are not able to reach a settlement informally within forty-five (45) days of the date of this order, then the parties shall initiate participation in the court's VDRP by contacting the court's VDRP administrator, Sujean Park, at (916) 930-4278 or SPark@caed.uscourts.gov.[1]

4. The parties shall carefully review and comply with Local Rule 271, which outlines the specifications and requirements of the VDRP.

5. No later than fourteen (14) days after completion of the VDRP session, the parties shall jointly file their VDRP Completion Report, consistent with Local Rule 271(o).

6. Any party that objects to this referral to the VDRP shall file its objections within seven (7) days of the date of this order. Such objections shall clearly outline why the party believes that this action is not appropriate for referral to the VDRP.

---

[1] The resources of the VDRP program are limited, and the parties are expected to make good faith efforts to timely and fully exhaust informal settlement efforts prior to initiating participation in the VDRP. The court will look with disfavor upon parties stalling or failing to participate in the above-mentioned initial informal discussions, prompting potentially unnecessary participation in the VDRP and straining the program's resources.

IT IS SO ORDERED.

Dated:  March 13, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17 stroj2044.vdrp