UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR., | No. 2:19-cv-02044-TLN-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| KAIDEN HOSPITALITY LP, | |
| Defendant. | |

On November 23, 2020, pro se plaintiff, Peter Strojnik, Sr., filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55.  (ECF No. 14.)  Federal Rule of Civil Procedure 55 provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk-on the plaintiff's request, with an affidavit showing the amount due-must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment . . . .

Fed. R. Civ. P. 55(a)-(b).

The Ninth Circuit has stated that Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986); see Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir.2009); see also Norman v. Small, No. 09cv2235 WQH, 2010 WL 5173683, at *2 (S.D. Cal. Dec.14, 2010) (denying plaintiff's motion for default judgment because the clerk had not yet entered a default); Marty v. Green, No. 2:10-CV-01823, 2011 WL 320303, at *3 (E.D. Cal. Jan. 28, 2011) (holding that plaintiff's motion for default judgment was not properly before the court because plaintiff had not requested entry of default form the clerk).

Here, plaintiff did not request or obtain a clerk's entry of default from the Clerk of Court upon a showing by affidavit or otherwise that defendants failed to plead or otherwise defend themselves. Plaintiff therefore has not complied with the first step of Rule 55's two-step process. Accordingly, plaintiff's motion for default judgment (ECF #14) is not properly before the undersigned and is therefore denied.

IT IS SO ORDERED.

Dated:  December 8, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.stroj2044.mtd

2