UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR.,<br><br>            Plaintiff,<br><br>      v.<br><br>KAIDAN HOSPITALITY, LP, D/B/A<br>RED LION HOTEL REDDING,<br><br>            Defendant. | No. 2:19–cv–2044–TLN–CKD PS<br><br>ORDER TO SHOW CAUSE; ORDER TO FILE STATUS REPORT |

Plaintiff proceeds pro se with a complaint alleging violations of the Americans Disabilities Act and state law claims. On October 15, 2019, the court set a status conference for March 18, 2020. The order setting the status conference was served on plaintiff and directed plaintiff to serve a copy of the order on defendant concurrent with service of process. (ECF No. 3.) The order directed the parties to file a joint status report, or individual status reports, addressing enumerated matters no later than 14 days prior to the March 18, 2020 status conference.

On March 3, 2020, plaintiff filed a status report stating he had been unable to meet and confer with opposing counsel in order to file a joint status report. Plaintiff's status report set forth plaintiff's view that a settlement conference should be scheduled. (ECF No. 10.)

Defendant appeared through counsel and filed an answer on November 12, 2019. Defendant did not file a status report 14 days prior to scheduling conference set for March 18, 2020.

On March 13, 2020, the court vacated the status conference and entered a stay for the purpose of referring this case to the Voluntary Dispute Resolution Program ("VDRP"). The parties were notified that any party objecting to the referral to VDRP was to file its objections within seven days. Neither party objected to the VDRP referral. The parties were ordered to meet and confer to discuss settlement, with plaintiff to initiate those discussions. If the parties were not able to reach a settlement agreement informally within 45 days, the parties were to initiate participation in the court's VDRP by contacting the court's VDRP administrator. (ECF No. 11.)

On November 12, 2020, having received no communication from the parties, the court issued an order to show cause requiring plaintiff to respond as to whether the stay should be lifted or whether the case had resolved and should be closed. (ECF No. 12.) Plaintiff responded that the case was not resolved and should not be closed. Plaintiff responded that either the stay should be lifted or the stay should remain, provided that the parties attend VDRP in good faith. Plaintiff did not address why the parties had apparently failed to comply with the instructions in the court's order referring this case to VDRP. (ECF No. 13.)

It is the court's responsibility to assure the time allotted for completing the VDRP process is no more than appropriate and the referral does not cause unreasonable delay. See Local Rule 271(i)(3). This matter remains unresolved and inactive well over a year after referral. Accordingly, the referral to VDRP is withdrawn and the stay is lifted.

Plaintiff is ordered to show cause, in writing and within 21 days, why the case should not be dismissed for failure to comply with the instructions in the court's March 13, 2020 order referring this case to VDRP and failure to prosecute, and, and to show cause, in writing, why monetary sanctions should not be imposed on plaintiff for failing to comply with a court order. Plaintiff is warned that failure to respond to this order may result in the imposition of sanctions, including monetary sanctions, and, in addition, up to and including dismissal of plaintiff's claims against defendant. See Fed. R. Civ. P. 37(b)(2).

In addition, there has been no communication from defendant regarding this case since the referral to VDRP even though the order to meet and confer and instructions on how to proceed were directed to both parties. The court notes that although the scheduling conference set for March 18, 2020 was ultimately vacated, defendant failed to file a status report 14 days in advance of the scheduled conference as defendant was obligated to do. Accordingly, defendant is ordered, within 21 days, to file a status report addressing the matters enumerated in the court's October 15, 2019 order and addressing what steps, if any, defendant has taken to meet and confer with plaintiff or to respond to plaintiff's attempts to meet and confer pertaining to this case.

For these reasons, IT IS ORDERED THAT:

1. The referral to VDRP is withdrawn and the stay is lifted;

2. Within 21 days of the date of entry of this order, plaintiff shall show cause, in writing, why the case should not be dismissed for failure to prosecute and failure to comply with the instructions in the court's March 13, 2020 order referring this case to VDRP, and why monetary sanctions should not be imposed on plaintiff for failing to comply with a court order. Plaintiff is warned that failure to comply with this order may result in the imposition of sanctions, including monetary sanctions, and, in addition, up to and including dismissal of plaintiff's claims against defendant. See Fed. R. Civ. P. 37(b)(2); and

3. Within 21 days of the date of entry of this order, defendant shall file a status report addressing the matters enumerated on pages 2-3 in the court's October 15, 2019 order and additionally addressing what steps, if any, defendant has taken to meet and confer with plaintiff or in response to plaintiff's attempts to meet and confer pertaining to this case.

Dated: April 19, 2021

_Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Strojnik19-cv-2044.OSC.VDRP